Richard P. Sybert, Bar No. 80731
rsybert@grsm.com
Reid E. Dammann, Bar No. 249031
rdamman@grsm.com
Sean D. Flaherty, Bar No. 272598
sflaherty@grsm.com
GORDON REES SCULLY MANSUKHANI
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Plaintiff
FLUIDMASTER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUIDMASTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANCO, INC., a Delaware corporation; and MICHAEL SCHUSTER, an individual, <br><br> Defendants. | Case No.: 8:17-cv-02013 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK CANCELLATION** <br><br> JURY TRIAL DEMANDED |

Plaintiff Fluidmaster, Inc. ("Fluidmaster"), for its complaint against Danco, Inc. ("Danco") and Michael Schuster, hereby alleges as follows:

## PARTIES

1. Plaintiff Fluidmaster is a California corporation having its principal place of business at 30800 Rancho Viejo Rd., San Juan Capistrano, CA 92675.

-1-

COMPLAINT FOR TRADEMARK INFRINGEMENT

2. Upon information and belief, Defendant Danco, Inc. is a Delaware corporation having its principal place of business at 2727 Chemsearch Boulevard, Irving, Texas 75062, and maintaining Corporation Service Company as its registered agent for service of process in the State of California.

3. Upon information and belief, Defendant Michael Schuster is a resident of Illinois.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367, because this Complaint alleges a cause of action for trademark infringement under the trademark laws of the United States, including, but not limited to, 15 U.S.C. § 1125. This Court has jurisdiction under section 1332 as all parties are residents of different states and the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over the state law claims at issue because the claims are so related that they form part of the same case or controversy.

5. This Court has specific personal jurisdiction over Danco, Inc., because Danco has sufficient minimum contacts with California, including the sale of infringing products within the state and the express adoption of an infringing trademark for Danco's products despite Danco's knowledge of Fluidmaster's prior use in commerce of the infringed trademark.

6. This Court has specific personal jurisdiction over Michael Schuster, because Schuster has sufficient minimum contacts with California, including participating in meetings at Fluidmaster's principal place of business, wherein he learned of Fluidmaster's prior use in commerce of the infringed trademark. Schuster then directed MJSI, Inc., a predecessor in interest to Danco, to infringe Fluidmaster's DUOFLUSH trademark.

7. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this dispute occurred

-2-
COMPLAINT FOR TRADEMARK INFRINGEMENT

within this judicial district and because all defendants reside in this district pursuant to 28 U.S.C. §§ 1391(c) and (d).

## FACTS

8. Since 1957, Fluidmaster has engineered and supplied internal flushing mechanisms of toilets and other toilet tank trim to retailers, wholesalers, and end users. Through its engineering and strategic partnerships, Fluidmaster has established itself as an innovative leader and global supplier in the toilet care industry.

9. Prior to and continuing up through 2010, Fluidmaster had a dual flush toilet valve that it offered at retail.

10. In late 2010, Fluidmaster initiated a process to design, manufacture, and sell an improved dual flush valve. Fluidmaster engaged third party design and engineering firms to help Fluidmaster develop an improved dual flush valve. Fluidmaster began internally calling this improved dual flush valve the DUOFLUSH during the design process that was occurring in April of 2011.

11. By April of 2011 the DUOFLUSH's design intent and architecture, along with the engineering-detail designs were complete, and the DUOFLUSH valve was tested in-house for quality assurance. The DUOFLUSH valve was then sent to the International Association of Plumbing and Mechanical Officials (IAMPO) to receive IAMPO certification, which it received in the Summer of 2011.

12. In June of 2011, Fluidmaster entered discussions with representatives from national retailers Home Depot and Lowe's in an effort to place the new DUOFLUSH product in their stores for direct sale to plumbing contractors and end users. In or around late June or early July of 2011, Fluidmaster met with Costco to discuss selling the DUOFLUSH at its stores. Fluidmaster called the product by its mark, DUOFLUSH, during these negotiations.

13. In June of 2011, Fluidmaster began conducting pilot builds for testing, demonstrations, and other trials. At or around this same time, MJSI, Inc. ("MJSI"),

-3-
COMPLAINT FOR TRADEMARK INFRINGEMENT

a manufacturer of toilet repair products specializing, in part, in water conservation for toilet products, approached and met with Fluidmaster to discuss whether Fluidmaster would be interested in acquiring MJSI.

14. On or around June 10, 2011, Lowe's issued a statement of commitment to purchase and sell the DUOFLUSH dual flush valve in its stores. This commitment to purchase represents the first use in commerce of the mark DUOFLUSH for dual flush toilet valves.

15. During the June 2011 meetings between MJSI and Fluidmaster, the discussion included, in part, how the purchase of MJSI could enhance Fluidmaster's product offerings given that Fluidmaster already had the DUOFLUSH valve ready for manufacturing, and that the DUOFLUSH was to be an integral part of Fluidmaster's water conservation line of products. The parties discussed the DUOFLUSH dual flush toilet valve by name at these meetings.

16. The June 2011 meetings between MJSI and Fluidmaster took place at Fluidmaster's principal place of business in San Juan Capistrano, California.

17. Michael Schuster was present at the meetings between MJSI and Fluidmaster. Upon information and belief, through these meetings and/or otherwise, Michael Schuster gained knowledge of Fluidmaster's use of DUOFLUSH on dual flush toilet valves.

18. No later than June 30, 2011, MJSI and Michael Schuster had notice that Fluidmaster was placing the mark DUOFLUSH on dual flush toilet valves.

19. Shortly after these discussions in June of 2011, Fluidmaster informed MJSI and Michael Schuster that Fluidmaster would not acquire MJSI.

20. On or around July 6, 2011, after it learned of Fluidmaster's use of the DUOFLUSH mark on its dual flush toilet valve product, and without advising Fluidmaster of same, MJSI filed an application with the United States Patent and Trademark Office (USPTO) to register the mark DUOFLUSH in International Class 011, for use on dual flush toilet flush valves. MJSI filed its application under

-4-
COMPLAINT FOR TRADEMARK INFRINGEMENT

15 U.S.C. § 1051(b), declaring to the USPTO that MJSI intended to use the DUOFLUSH mark, but had not yet begun using the mark in commerce.

21. Upon information and belief, Michael Schuster, as majority shareholder and CEO of MJSI, directed MJSI to file the July 6, 2011 trademark application for DUOFLUSH, despite having personal knowledge of Fluidmaster's use in commerce of the mark.

22. Though MJSI and Michael Schuster had actual knowledge of Fluidmaster's use of DUOFLUSH on dual flush valves in commerce that predated MJSI's trademark application, MJSI's trademark application for DUOFLUSH did not disclose Fluidmaster's use of DUOFLUSH on dual flush valves. In MJSI's trademark application for DUOFLUSH on dual flush valves, Michael Schuster, as "President of MJSI, Inc.," declared under penalty of perjury that "he believes applicant [MJSI] to be entitled to use such mark in commerce; [and] to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive[.]"

23. In August of 2011, Fluidmaster began large scale manufacturing operations for its DUOFLUSH dual flush toilet valves. On or around August 8, 2011, Fluidmaster registered the website domain www.DuoFlush.com, which takes visitors to www.Fluidmaster.com, Fluidmaster's website.

24. Following Lowe's June 10, 2011, commitment to sell the DUOFLUSH, The Home Depot also agreed to sell Fluidmaster's DUOFLUSH dual flush valve product in its stores. The first sales of DUOFLUSH valves to end users occurred in September of 2011. By the end of September 2011, Fluidmaster had sold over 2,000 units of the DUOFLUSH product.

-5-
COMPLAINT FOR TRADEMARK INFRINGEMENT

25. By the end of 2011, Fluidmaster had sold nearly 65,000 units of the DUOFLUSH product, with net sales surpassing $750,000.

26. Fluidmaster acquired trademark rights in the mark DUOFLUSH on toilet products because Fluidmaster was the first to use the mark in commerce.

27. Though initially offered through Home Depot and Lowe's in September of 2011, Fluidmaster has since expanded the number of retailers through which it sells its DUOFLUSH valves to include other national and local retail establishments.

28. MJSI was aware, or through the exercise of reasonable diligence should have been aware, of Fluidmaster's continuous use of DUOFLUSH through its sales of DUOFLUSH valves at The Home Depot, Lowe's, and other retailers from September 2011 through the present.

29. Michael Schuster, in his role as majority shareholder and CEO of MJSI, was aware, or through the exercise of reasonable diligence should have been aware, of Fluidmaster's sale of DUOFLUSH valves through Home Depot and Lowe's in 2011.

30. On or around October 24, 2011, the USPTO refused MJSI's application to register DUOFLUSH.

31. As of March 31, 2012, Fluidmaster had sold over 100,000 DUOFLUSH valves across the country. Upon information and belief, MSJI and Michael Schuster knew or in the exercise of reasonable diligence should have known of Fluidmaster's extensive marketing and sales of DUOFLUSH valves.

32. On or around April 24, 2012, MJSI responded to the USPTO's refusal to register the DUOFLUSH mark. As of April 24, 2012, MJSI had actual knowledge of Fluidmaster's use in commerce of the DUOFLUSH mark. Alternatively, MJSI should have known of Fluidmaster's extensive marketing and sales of DUOFLUSH valves, had it exercised reasonable care.

-6-
COMPLAINT FOR TRADEMARK INFRINGEMENT

Gordon Rees Scully Mansukhani
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

33. Upon information and belief, Michael Schuster directed MJSI to respond to the USPTO on April 24, 2012. Upon information and belief, Michael Schuster directed MJSI to withhold from the USPTO information about Fluidmaster's prior use in commerce of the DUOFLUSH mark on dual flush toilet valves.

34. In its April 24, 2012 response to the USPTO, MJSI did not disclose Fluidmaster's use of the mark DUOFLUSH on dual flush toilet valves.

35. On or around May 24, 2012, the USPTO again rejected MJSI's attempt to register the DUOFLUSH mark.

36. Following the USPTO's refusal to register the DUOFLUSH mark, MJSI, with knowledge of Fluidmaster's prior use of the DUOFLUSH mark on dual flush toilet valves, proceeded to use in commerce the DUOFLUSH mark on MJSI's own dual flush toilet valves.

37. Upon information and belief, Michael Schuster directed MJSI to intentionally infringe Fluidmaster's DUOFLUSH mark by utilizing the DUOFLUSH mark on MJSI's own dual flush toilet valves.

38. On November 26, 2012, MJSI submitted an amended application to the USPTO to register the DUOFLUSH mark. This application cited a date of first use in commerce of November 21, 2012. Attached as Exhibit A is the specimen submitted to the USPTO by MJSI as evidence of MJSI's first use of DUOFLUSH in commerce. This amendment came over one year after Fluidmaster's first use of DUOFLUSH in commerce and after Fluidmaster had already sold over 180,000 units of its DUOFLUSH valves.

39. Upon information and belief, Michael Schuster directed MJSI, through its attorneys, to submit an amended application to the USPTO to register the DUOFLUSH mark on November 26, 2012. Upon information and belief, Michael Schuster again directed MJSI to withhold from the USPTO information

-7-
COMPLAINT FOR TRADEMARK INFRINGEMENT

1 about Fluidmaster's prior use in commerce of the DUOFLUSH mark on dual flush
2 toilet valves.

3     40.    Following Fluidmaster's rejection of MJSI's offer to sell, upon
4 information and belief, MJSI and Michael Schuster contacted Danco to discuss
5 whether Danco had an interest in acquiring MJSI.

6     41.    At or around the time of MJSI's first use in commerce of the
7 DUOFLUSH mark on dual flush toilet valves in November of 2012, Danco agreed
8 to purchase MJSI.

9     42.    On December 6, 2012, MJSI, at the direction of Michael Schuster,
10 filed an amendment to its trademark application for DUOFLUSH identifying
11 Danco, Inc. as the subsequent owner before publication. This amendment again
12 did not identify Fluidmaster's prior use in commerce of DUOFLUSH on dual flush
13 toilet valves.

14     43.    On December 12, 2012, Danco issued a press release stating that it
15 and its sister company LSP had acquired MJSI. As part of the acquisition, Danco's
16 press release indicated that Danco would assume all responsibility for business
17 operations of MJSI, Inc., including distribution, inventory management, customer
18 service support, marketing and sales functions. Hereinafter, references to "Danco"
19 shall be construed to include its role as a successor in interest to the actions of
20 MJSI.

21     44.    Additionally, Michael Schuster, who in December of 2012 was the
22 CEO and majority shareholder of MJSI, joined Danco as an employee and the
23 Senior Vice President of Product Development to work closely with the product
24 and marketing teams.

25     45.    On March 19, 2013, the USPTO issued a federal trademark
26 registration to Danco, Inc., for the mark DUOFLUSH, U.S. TM Reg. No.
27 4,306,899, for use on "dual flush toilet valves."
28

46. Between September of 2011 and December of 2016, Fluidmaster sold over 667,000 units of its DUOFLUSH product, with net sales surpassing $9.4 million.

47. Fluidmaster has marketed and currently markets and sells its DUOFLUSH products to wholesalers, national retailers like Home Depot and Lowe's, local retailers, and online. Fluidmaster targets plumbers and end users with its DUOFLUSH products.

48. Danco has marketed and currently markets and sells its DUOFLUSH products to wholesalers, national retailers like Home Depot and Lowe's, local retailers, and online. Danco targets plumbers and end users with its DUOFLUSH products, including its HYF450 DuoFlush Dual Flush Converter Toilet Repair Kit, listed on Danco's website at https://www.danco.com/product/hyf450-duoflush-dual-flush-converter-toilet-repair-kit/ (last visited on November 15, 2017).

49. Fluidmaster and Danco sell their DUOFLUSH products through similar retailers, wholesalers, and via online sales.

50. The use of the DUOFLUSH mark on dual flush toilet valves by Danco was and is likely to cause confusion amongst consumers with Fluidmaster's use of the DUOFLUSH mark on dual flush toilet valves. For example, the Danco MJSI HYF450 DuoFlush Dual Flush Converter Toilet Repair Kit is listed on www.amazon.com at https://www.amazon.com/MJSI-HYF450-HydroFlush-Flush-Converter/dp/B00B88E7IY/ref=sr_1_23?s=hi&ie=UTF8&qid=1449589893&sr=1-23&keywords=dual+flush+conversion+kit (last visited on November 15, 2017). Upon information and belief, reviews for the Danco HYF450 from an Amazon Verified Purchaser at the foregoing webpage are dated as recently as July 15, 2017, with the most recent review coming on October 29, 2017.

51. Upon information and belief, Danco sold DUOFLUSH marked products during the year 2017.

-9-
COMPLAINT FOR TRADEMARK INFRINGEMENT

# CLAIM 1

# FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION

# 15 U.S.C. § 1125(a)

# (Against all Defendants)

52. Fluidmaster realleges and incorporates herein Paragraphs 1 through 51.

53. Fluidmaster acquired the right to exclusively use the DUOFLUSH trademark by first use in commerce no later than June 10, 2011.

54. Upon information and belief, Defendants Danco and Schuster have deliberately and willfully attempted to trade off the long-standing and hard-earned goodwill, reputation, and selling power that Fluidmaster established in connection with its innovative toilet repair products in the United States by utilizing the DUOFLUSH mark that Fluidmaster has used on its dual flush toilet valve products.

55. Upon information and belief, Defendants Danco's and Schuster's actions in this regard were and are in an effort to confuse consumers as to the origin and/or sponsorship of Danco's products, and/or to create illegitimate competitive "leverage" against Fluidmaster.

56. Defendants Danco's and Schuster's unauthorized and tortious conduct has deprived, and will continue to deprive, Fluidmaster of the ability to control the consumer perception of its goods marketed under its DUOFLUSH mark, placing the valuable reputation and goodwill of Fluidmaster in the hands of the Defendants, over whom Fluidmaster has no control.

57. Defendants Danco's and Schuster's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Danco's products with Fluidmaster's products, and as to the origin, sponsorship or approval of Danco and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

///

58. The intentional and willful nature of the aforementioned acts by the Defendants renders this violation subject to damages recoverable by Fluidmaster in the nature of Danco's profits, Fluidmaster's actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. § 1117.

59. As a result of Defendants Danco's and Schuster's aforementioned conduct, Fluidmaster has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Fluidmaster has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Fluidmaster's further irreparable harm at the hands of the Defendants.

## CLAIM II

## COMMON LAW TRADEMARK INFRINGEMENT

### (Against All Defendants)

60. Fluidmaster realleges and incorporates herein Paragraphs 1 through 59.

61. Fluidmaster is the owner of valid common law rights in its DUOFLUSH trademark which it has used continuously and in connection with the provision of dual flush toilet valves long prior to Danco's infringing adoption and any actual first use of DUOFLUSH on Danco's own dual flush toilet valves, conduct that was originally undertaken at the direction of Defendant Michael Schuster.

62. Defendants Danco's and Schuster's actions complained of herein are likely to cause confusion, mistake, or deception among consumers as to an affiliation, connection or association between Danco's DUOFLUSH dual flush toilet valves and Fluidmaster's DUOFLUSH dual flush toilet valves as to the origin, sponsorship or approval of Danco and its DUOFLUSH valves in violation of California common law.

63. Defendants Danco's and Schuster's unauthorized and tortious conduct has deprived, and will continue to deprive, Fluidmaster of the ability to control the

-11-
COMPLAINT FOR TRADEMARK INFRINGEMENT

consumer perception of its goods marketed under its DUOFLUSH mark, placing the valuable reputation and goodwill of Fluidmaster in the hands of the Defendants, over whom Fluidmaster has no control.

64. Because Defendants Danco and Schuster had actual notice of Fluidmaster's prior use of and rights in the DUOFLUSH mark before Defendants Danco of Schuster began using a confusingly similar mark, Defendants Danco and Schuster willfully engaged in common law trademark infringement in violation of California law.

65. As a result of Defendants Danco's and Schuster's conduct, Fluidmaster is likely to suffer harm, and has, in fact, already been injured.

## **CLAIM III**

## **STATUTORY UNFAIR COMPETITION**

## **Cal. Bus. & Prof. Code § 17200** *et seq.*

66. Fluidmaster realleges and incorporates herein Paragraphs 1 through 65.

67. Defendants Danco's and Schuster's actions complained of herein constitute unfair competition in violation of California statutory law, as the aforementioned acts constitute unlawful, unfair, or fraudulent business acts and deceptive and misleading advertising in violation of California's Unfair Competition Law.

68. As a result of Defendants Danco's and Schuster's aforementioned conduct, members of the public are likely to be deceived as to the origin of Danco's DUOFLUSH dual flush toilet valves.

69. As a further result of Defendants Danco's and Schuster's aforementioned conduct, Fluidmaster is entitled, under California law, to all money and property that Defendants Danco and Schuster acquired as a result of their unfair competition.

///

-12-

COMPLAINT FOR TRADEMARK INFRINGEMENT

70. As a further result of Defendants Danco's and Schuster's aforementioned conduct, Fluidmaster has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Fluidmaster has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Fluidmaster's further irreparable harm at the hands of the Defendants.

## CLAIM IV

## FRAUD ON THE USPTO AND CANCELLATION OF DANCO'S REGISTRATION, 15 U.S.C. §§ 1119, 1120

71. Fluidmaster realleges and incorporates herein Paragraphs 1 through 69.

72. Defendant Danco, at the direction of and/or with the approval of Defendant Schuster, obtained a USPTO registration for DUOFLUSH by means of one or more false or fraudulent declarations, which declarations failed to disclose to the USPTO Danco's or Schuster's knowledge that Fluidmaster has a superior right to the DUOFLUSH mark based on its prior use of the mark in commerce on dual flush toilet valves.

73. By way of Defendants Danco's and Schuster's inherently deceptive and illegal acts, Danco has abandoned any equitable claim of exclusive right to use the purported DUOFLUSH mark on any dual flush toilet valves.

74. Pursuant to 15 U.S.C. § 1119, this Court is authorized and empowered to rectify the Principal Register and cancel U.S. Reg. No. 4,306,899. This registration should be struck from the Principal Register and cancelled, thereby preventing Danco from asserting any claim to the validity or exclusive right to use the purported mark under the Lanham Act, including any claim under 15 U.S.C. §§ 1114 or 1125 for trademark infringement.

75. Pursuant to 15 U.S.C. § 1120, Fluidmaster is entitled to damages resulting from its injury due to Defendants Danco's and Schuster's false or

fraudulent declarations or representations to the United States Patent and Trademark Office in MJSI's and Danco's application to register the DUOFLUSH mark for use on dual flush toilet valves.

## PRAYER FOR RELIEF

WHEREFORE, as to all Claims for Relief, Plaintiff Fluidmaster, Inc. requests this Court enter judgment in favor of Plaintiff and against Defendants on each Claim alleged herein, and grant relief as follows:

A. Permanently enjoining and restraining Defendants, their parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons of entities acting on behalf of Defendants or with Defendants' authority, from:

1. using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods under or in connection with the DUOFLUSH mark;

2. doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with Plaintiff's business, or that is likely to injure or damage Plaintiff's rights in its DUOFLUSH mark or the associated goodwill;

B. Requiring that Defendant Danco be ordered to recall from the channels of United States trade all products, packaging, advertising and promotional material sold or distributed by Defendant Danco or its affiliates utilizing the DUOFLUSH mark;

C. Requiring Defendants to reimburse Plaintiff for all damages Plaintiff has suffered by reason of Defendants' acts of infringement and unfair competition, to account for and pay to Plaintiff all profits derived by reason of such acts, and based on the willfulness of Defendants' actions, to disgorge Defendants' profits

and enhancing damages in Plaintiff's favor (including as provided by 15 U.S.C. § 1117);

    D.    Finding that this case constitutes an exceptional case under 15 U.S.C. § 1117 and awarding Plaintiff its reasonable attorneys' fees;

    E.    Requiring that Defendants reimburse Plaintiff for its costs and disbursements incurred in bringing this action;

    F.    Directing the Commissioner and/or Registrar of the United States Patent and Trademark Office to cancel United States Trademark Registration No. 4,306,899; and

    G.    Awarding any such further relief as this Court deems equitable and just.

Dated: November 15, 2017          **GORDON REES SCULLY MANSUKHANI**

                                        By:    s/Richard P. Sybert

                                              Attorneys for Plaintiff
                                              FLUIDMASTER, INC.

1132294/35679331v.1

-15-

COMPLAINT FOR TRADEMARK INFRINGEMENT